UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE VASQUEZ,<br><br>Defendant. | No. 2:15-cr-00073-DJC<br><br><br><br>ORDER |

Defendant Jose Vasquez moves this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821 to the United States Sentencing Guidelines ("Guidelines"). (ECF No. 148.) Specifically, Defendant asks the Court to reduce his sentence by two points based on the Guidelines' new zero-point offender provision in U.S.S.G. § 4C1.1(a). (*Id.* at 5.)

Having considered the Parties' briefings, the Court finds that Defendant is not eligible for a sentence reduction under U.S.S.G. § 4C1.1(a) because the Court previously found Defendant possessed a firearm in connection with his offense. Accordingly, Defendant's Motion will be denied.

**BACKGROUND**

On January 11, 2019, Defendant pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF Nos. 118, 122.) After Defendant's guilty plea, the probation officer prepared a Presentence Investigation Report ("PSR"). In the Guidelines scoring section of the PSR, the probation officer found a total offense level of 37. (ECF No. 126 ¶ 29.) The PSR

applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) and did not apply a reduction for safety valve relief under U.S.S.G. § 5C1.2 due to Defendant's possession of firearms.  (*Id.* ¶¶ 19–29.)  In particular, the probation officer noted that agents had "located a stolen firearm hidden [in] a detached garage at the defendant's residence and another firearm was hidden in the ground with 1.1 kilograms of methamphetamine (actual) at a property that the defendant was associated with and where he directed another individual to hide said contraband." (*Id.* ¶ 21; *see also id.* ¶¶ 9, 11.)  In the criminal history section of the PSR, Defendant was not assigned any criminal history points, resulting in a criminal history score of 0 and a criminal history category of I.  (*Id.* ¶¶ 35–37.)  A total offense level of 37 and a criminal history category of I resulted in an advisory Guidelines range of 210 to 262 months.  (*Id.* ¶ 60.)

Defendant filed objections to the PSR arguing he qualified for safety valve relief, including a two-level reduction under U.S.S.G. § 5C1.2, because his possession of firearms was not in connection with his offense.  (ECF No. 133 at 1–2.)  To be eligible for safety valve relief, Defendant was required to show by a preponderance of the evidence that he did not possess a firearm in connection with the offense or induce another participant to do so.  *See* 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2); *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006).

On November 22, 2019, the Court held a sentencing hearing.  (ECF No. 141.)  In response to Defendant's objection, the United States argued that the undisputed facts in the PSR established the firearm possession was in connection with the offense.  (ECF No. 147 at 5–6.)  The Court agreed and found Defendant ineligible for safety valve relief based on the undisputed facts in paragraphs 9 and 11 of the PSR detailing Defendant's possession of firearms.  (*Id.* at 6–7.)  The Court adopted the PSR without change, and sentenced Defendant to 136 months in prison.  (*Id.* at 7–11; ECF No. 142 at 2.)

On July 1, 2024, Defendant filed the pending Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(2).  (ECF No. 148.)  The Court referred the matter to the

Office of the Federal Defender on July 2, 2024. (ECF No. 150.) Defendant subsequently moved to proceed pro se. (ECF No. 151.) The Court granted Defendant's request on July 30, 2024, and ordered the United States to file its response within thirty days. (ECF No. 152.) The United States timely opposed Defendant's Motion. (ECF No. 153.) The matter was submitted.

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts engage in a "two-step inquiry" to determining whether a sentence reduction is appropriate under section 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879–880 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). First, the court must determine whether the defendant is eligible for a sentence reduction under the Commission's policy statement in U.S.S.G. § 1B1.10, which requires the court to decide whether the amended guideline range would have been applicable to the defendant if the relevant amendment had been in effect at the time the defendant was sentenced. *Id.* at 880. Second, the court must consider the applicable section 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted

in whole or in part under the circumstances of the case.  *Id.*  The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

Defendant's Motion fails at the first step.  Amendment 821 creates a new provision in the Guidelines, U.S.S.G. § 4C1.1, which authorizes a two-offense-level reduction for "zero-point offenders" who meet ten enumerated criteria.  *Id.* § 4C1.1(a).  Crucially here, the offender must show they did not "possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." *Id.* § 4C1.1(a)(7).

Defendant asserts that he is eligible for a reduction to his sentence under section 4C1.1(a) because he did not receive any criminal history points at sentencing.  (ECF No. 148 at 5–7.)  He does not, however, address the Court's prior finding that he possessed firearms in connection with his offense.  It is Defendant's burden to establish eligibility for a retroactive sentence reduction under section 3582(c)(2). *United States v. Sprague*, 135 F.3d 1301, 1306 (9th Cir. 1998).  As Defendant has not met this burden, the Court finds that Defendant is ineligible for relief under U.S.S.G. § 4C1.1(a) because he possessed multiple firearms in connection with his offense.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion for a Sentence Reduction.  (ECF No. 148.)  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 2, 2024**

*/s/ Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE